JAMES W. SIMPSON *vs.* WILLARD DALRYMPLE & others.

A petition to enforce a mechanic's lien under *St.* 1851, *c.* 343, as under Rev. Sts.
   *c.* 117, § 6, must contain a brief statement of the contract upon which it is
   founded; that is, it must show what the contract was.
Such petition must aver that the person with whom the contract was made, was
   either the owner of the premises, or was a person who had contracted with such
   owner for erecting, altering, or repairing the building. Merely alleging him to
   be the contractor and supposed owner thereof is insufficient, as the words
   " owner " and " contractor " in *St.* 1851, *c.* 343, denote two persons.

THIS was a petition to enforce a mechanic's lien under *St.*
1851, *c.* 343, in the following form: " The petition of James
W. Simpson, of Charlestown, in said county, carpenter,
humbly shows that by the request and at the instance of Wil-
liam Bragdon, of said Charlestown, and under his direction
and supervision, and by virtue of a contract with him, the said
petitioner actually performed labor in erecting three brick
dwelling-houses, each two stories and one half high, situated
on the corner of Bunker Hill and Linden streets, in said
Charlestown; that said houses are situated on a lot of land
extending eighty-four feet on Bunker Hill street, as aforesaid,
and seventy-five feet more or less on Linden street, as afore-
said; that said labor was by your petitioner performed by
virtue of his said contract and agreement with said Bragdon,
said Bragdon being the contractor for building said houses,
and the supposed owner thereof; that said labor so performed
was reasonably worth two dollars per day, and that your
petitioner ought to receive that rate of compensation therefor;
that said labor was performed by your petitioner as a carpen-
ter in erecting said houses, and that he actually and personally
labored thereon in that capacity, one hundred and twenty-one
days between the 26th day of August, 1851, and the 13th day
of January, 1852; that your petitioner has been paid the sum
of $125, and no more for the labor so performed, and that
there now remains justly due to your petitioner, a demand of
$117 after all just credit given, which is to be a lien upon said
property.

" And your petitioner further avers that within sixty days after said labor was by him performed, he filed in the office of the registry of deeds for said Middlesex county, wherein the land lies, a certificate containing a just and true account of the demand justly due to your petitioner after all just credits given, pursuant to the statute in such case made and provided. Wherefore your petitioner humbly prays that the said premises may be sold, and the proceeds of the sale be applied to the discharge of his said claim of $117, and all legal and necessary costs. James W. Simpson."

" Specification of petitioner's claim.—Three brick houses on the corner of Bunker Hill and Linden streets, to James W. Simpson, Dr.—To labor as a carpenter on said houses from August 26th, 1851, to January 13th, 1852, one hundred and twenty-one days, at $2.00 per day, $242.00. Credit, by cash, $125. Balance, $117."

The respondent, Willard Dalrymple, was the owner of the land upon which the buildings were erected, and the owner of the buildings also. William Bragdon was the contractor to erect the houses, and Simpson, the petitioner, was employed by him at daily wages.

To this petition there was a demurrer, alleging " that the said petition contains no such statement of the contract alleged to have been made between the petitioner and said Bragdon, as is required by law. 2. That the description of the premises as set forth in said petition, is uncertain, indefinite, and wholly insufficient. 3. That said Bragdon with whom the petitioner is alleged to have contracted, is neither alleged to be the owner of said premises, nor to have contracted with the owner for building the houses described in said petition, or for the purchase of the land for the purpose of building thereon. 4. That the said petition does not set forth that the proper preliminary certificate was filed in the registry of deeds for said county."

*E. Ripley,* for the respondents.

*J. Q. A. Griffin,* for the petitioner.

METCALF, J. The court are of opinion that this petition is defective, and that the demurrer to it must be sustained. The

Rev. Sts. *c.* 117, § 6, require that a petition to enforce the lien given to the person who shall, by contract with the owner of any piece of land, furnish labor or materials for erecting or repairing any building, or the appurtenances of any building, on such land, "shall contain a brief statement of the contract on which it is founded, and of the amount due thereon, with a description of the premises which are subject to the lien, and all other material facts and circumstances." And the *St.* of 1851, *c.* 343, which gives a lien to any person who shall actually perform labor in erecting or repairing any building, by virtue of any contract with the owner thereof, or other person who has contracted with such owner for erecting, altering, or repairing such building, provides by section 4, that such lien may be enforced by petition, in the manner provided by the fifth and subsequent sections of the Rev. Sts. *c.* 117. The petition under this last statute must therefore, like a petition under the revised statutes, contain a brief statement of the contract on which it is founded. But the present petition merely states that the petitioner, by the request of Wm. Bragdon, and at his instance, and under his direction and supervision, and by virtue of a contract with him, actually performed labor in erecting three brick dwelling-houses in Charlestown, and that said labor was performed by virtue of said contract and agreement with said Bragdon, who was the contractor for building said houses, and the supposed owner thereof; that the petitioner labored on said houses one hundred and twenty-one days, and that his labor was reasonably worth $2.00 per day. This is not a statement of the contract with the contractor; it is merely a statement that there was a contract of some kind, express or implied, under which the petitioner labored for a certain number of days. The petition ought to have shown what that contract was. Again: The petition is wrong in stating that the contract, whatever it was, was made with said Bragdon as the contractor for building the houses, and the supposed owner thereof. Under *St.* 1851, *c.* 343, the words "owner" and "contractor" denote two persons; the contractor is he who makes a contract with the owner, and not he who makes sub-contracts with the workmen.

The petition is bad for the first and third reasons assigned for the demurrer. The other reasons assigned seem to us to be insufficient to sustain the demurrer.

*Petition adjudged bad.*